IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARINA BADUA, an individual, | ) | CV. NO.  10-00580 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FREMONT INVESTMENT & | ) | |
| LOAN, a Business Entity, | ) | |
| COUNTRYWIDE MORTGAGE, a | ) | |
| Business Entity, BANK OF | ) | |
| AMERICA, a Business Entity, | ) | |
| MERS (MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEM), a Business Entity, form | ) | |
| unknown; and DOES 1–100 | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS
COMPLAINT; (2) DISMISSING WITH PREJUDICE PLAINTIFF'S
DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND TILA RESCISSION
CLAIMS; (3) DISMISSING WITHOUT PREJUDICE ALL OTHER CLAIMS;
AND (4) GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT

On April 18, 2011, the Court heard Defendant Fremont Investment &

Loan, nka Signature Group Holdings Inc. ("Fremont")'s Motion to Dismiss

Complaint Filed October 6, 2010, or, Alternatively, to Strike Averments of Fraud

or for More Definite Statement (Doc. # 18) and Defendants Countrywide Home

Loans, Inc. ("Countrywide"), Bank of America ("BofA"), and Mortgage Electronic

Registration Systems, Inc. ("MERS")'s Motion to Dismiss Complaint Filed October 6, 2010 (Doc. # 21). Plaintiff Marina Badua, <u>pro se</u>, appeared at the hearing on behalf of herself: Adelbert Green, Esq., appeared at the hearing on behalf of Fremont; Patricia J. McHenry, Esq., appeared at the hearing on behalf of Countrywide, BofA, and MERS.  After reviewing the supporting and opposing memoranda, the Court GRANTS Defendant Fremont's Motion to Dismiss (Doc. # 18), GRANTS Defendants Countrywide, BofA, and MERS's Motion to Dismiss (Doc. # 21), DISMISSES WITH PREJUDICE Plaintiff's declaratory relief, injunctive relief, and TILA rescission claims, DISMISSES WITHOUT PREJUDICE all other claims, and GRANTS Plaintiff leave to amend her Complaint.

<u>BACKGROUND</u>

On October 6, 2010, Plaintiff Marina Badua ("Plaintiff") filed a Complaint against Defendants Fremont, Countrywide, BofA, MERS, and Does 1–100 (collectively, "Defendants"), alleging that Plaintiff had been lured into a

predatory mortgage loan.[1] ("Compl.," Doc # 1.) Specifically, Plaintiff's

Complaint alleges twelve causes of action: (First) Declarative Relief (Compl.

¶¶ 43–47); (Second) Injunctive Relief (id. ¶¶ 48–51); (Third) Contractual Breach

of Implied Covenant of Good Faith and Fair Dealing (id. ¶¶ 52–58); (Fourth)

Violation of TILA, 15 U.S.C. § 1601, et. seq. (id. ¶¶ 59–76); (Fifth) Violation of

Real Estate Settlement and Procedures Act ("RESPA") (id. ¶¶ 77–84); (Sixth)

Rescission (id. ¶¶ 85–89); (Seventh) Fraud (id. ¶¶ 90–96); (Eighth) Unfair and

Deceptive Business Act Practices ("UDAP") (id. ¶¶ 97–101); (Ninth) Breach of

Fiduciary Duty (id. ¶¶ 102–106); (Tenth) Unconscionability – UCC-2-3202[2] (id.

¶¶ 107–110); (Eleventh) Predatory Lending (id. ¶¶ 111–118); and (Twelfth) Quiet

Title (id. ¶¶ 119–122).

---

[1] Plaintiff presumably filed the Complaint in this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, although Plaintiff does not provide as much in her Complaint. Plaintiff and all Defendants are residents of different states, and the amount in controversy exceeds $75,000. Defendant Fremont, in their Motion, argue that the Court should dismiss all State Law claims based on 28 U.S.C. § 1367(c)(3), which allows district courts to decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. Because the instant lawsuit is brought pursuant to diversity jurisdiction, the Court does not address Defendant Fremont's argument.

[2] The Court assumes Plaintiff actually means Uniform Commercial Code § 2-302 – Unconscionable Contract or Clause.

3

Plaintiff resides in the State of Hawaii. (Id. ¶ 1.) Plaintiff entered into a loan repayment and security agreement on or about April 8, 2005, which was recorded on April 25, 2005 in the Bureau of Conveyances in the State of Hawaii. (Id. ¶ 3; Fremont, BofA and MERS's Motion to Dismiss, "Mot. 2," Doc. # 21 at 2, Ex. B[3].) The note was executed in the amount of $495,000.00. (Compl. ¶ 3.) The real property at issue in this loan transaction is located at 2164 Puna Street, Honolulu, HI 96817 (the "Subject Property"). (Compl. ¶ 2.)

Plaintiff alleges that Defendants Countrywide and Service Link "intentionally concealed the negative implications of the loan they were offering," putting Plaintiff in a position of potentially "losing their home to the very entity and entities who placed them in this position." (Id. ¶ 19.) Plaintiff also contends that Defendants "hold an interest in a loan that was improperly handled from its

---

[3] Nowhere in the Complaint does Plaintiff set forth the date on which the loan was entered. However, Fremont, BofA and MERS's Motion to Dismiss attaches the mortgage as Exhibit B, which clearly states that the note was signed on April 8, 2005 and recorded on April 30, 2005. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the mortgage attached to Defendants' Motion to Dismiss, as it is a "matter of public record" and may be considered on a motion to dismiss. See Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001). "Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).

inception", and used "acts of deception violat[ing] several statutes and [] in essence creat[ing] an illegal loan." (Id. ¶¶ 20, 22.) In addition, Plaintiff asserts that Countrywide "illegally, deceptively, and/or otherwise unjustly, qualified Plaintiff for a loan which [they] knew or should have known that Plaintiff could not qualify for or afford . . . ." (Id. ¶ 24.)

On December 3, 2010, Defendant Fremont filed a Motion to Dismiss Complaint filed October 6, 2010, or Alternatively, to Strike Averments of Fraud or for More Definite Statement ("Motion 1"). ("Mot 1," Doc. # 18.) On December 10, 2010, Defendants Countrywide, BofA, and MERS filed a Motion to Dismiss Complaint Filed October 6, 2010 ("Motion 2"). ("Mot. 2," Doc. # 21.) On the same day, Defendants filed an amended document containing the memorandum in support of Motion 2 in its entirety. (Doc. # 22.) On February 4, 2011, Plaintiff filed a Responsive Memorandum re: Defendant Fremont's Motion to Dismiss (Doc. # 32) and a Responsive Memorandum re: Defendants Countrywide, BofA, and MERS's Motion to Dismiss (Doc. # 33). On February 22, 2011, Fremont filed a Reply in support of Motion 1. (Doc. # 37.) On February 25, 2011, Countrywide, BofA, and MERS filed a Reply in Support of Motion 2. (Doc. # 38.)

STANDARD OF REVIEW

I.     <u>Federal Rule of Civil Procedure 12(b)(6)</u>

       Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. <u>See</u> <u>Livid Holdings Ltd. v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005).

       A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. <u>See</u> <u>id.</u> at 556–57; <u>see also</u> <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the

6

allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. <u>See</u> <u>Twombly</u>, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. <u>Id.</u> at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." <u>Id.</u> at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.    Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement.  Id. at 1548 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants).

However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## DISCUSSION

For the reasons set forth below, the Court concludes that Defendants' Motion to Dismiss should be granted in part and denied in part. The Court grants Plaintiff leave to amend her Complaint.

I.      First and Second Causes of Action: Declaratory Relief and Injunctive Relief

The First Cause of Action of the Complaint asserts a claim for declaratory relief to prevent Defendants from foreclosing on the Subject Property, because Defendants' interest in the Subject Property has allegedly been rendered void due to violations of law. (Compl. ¶¶ 43–47.)  The Second Cause of Action of the Complaint seeks an injunction preventing Countrywide from proceeding with its foreclosure action and Plaintiff argues that "injunctive relief . . . is necessary and appropriate at this time to prevent irreparable loss to Plaintiff."  (Id. ¶¶ 48–51.)

Plaintiff's requests in the First and Second Causes of Action fail to satisfy the minimum pleading requirements of Rules 8 and 9(b).  The First Cause of Action alleges that "Defendants did not properly comply with proper delivery procedures under RESPA," and that "Defendants [sic] actions in the processing, handling and attempted foreclosure of this loan has contained numerous violations of State and Federal laws . . . ."  (Id. ¶¶ 44–45.)  The Second Cause of Action contends that "Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined . . . ."  (Id. ¶ 51.)  Here, Plaintiff fails to allege any facts and solely provides legal conclusions regarding Defendants' purported wrongful conduct and violations of State and Federal laws. Such legal conclusions are not entitled to an assumption of truth when ruling on a

motion to dismiss. See Iqbal, 129 S. Ct. at 1949. As such, Plaintiff's conclusory allegations are insufficient to state a claim for relief.

Additionally, Plaintiff contends, in the First Cause of Action, that "the Defendants perpetrated a fraudulent loan transaction." (Compl. ¶ 44.) To the extent that Plaintiff brings allegations of fraud against Defendants, Plaintiff has failed to satisfy the heightened fraud pleading standard under Rule 9(b). The Court discusses this at length in Section VI of the instant Order below.

Finally, declaratory relief is not a cognizable independent cause of action. See Seattle Audubon Soc. v. Moseley, 80 F. 3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." (citation and quotations omitted)). Because Plaintiff's claims for declaratory relief are based on allegations of Defendant's past actions, a claim for declaratory relief is improper and duplicative of Plaintiff's other claims. See Ballard v. Chase Bank USA, NA, 2010 WL 5114952, at *8 (S.D.Cal. Dec. 9, 2010) ("A claim for declaratory relief "rises or falls with [the] other claims.") (citation omitted); Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 707 (N.D.

Cal.2009). Additionally, the Court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. See Jensen v. Quality Loan Serv. Corp, F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); Henke v. Arcon Midcon, L.L.C., - - - F. Supp. 2d - - -, 2010 WL 4513301, at * 6 (E.D. Mo. Nov. 2, 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); Plan Pros, Inc. v. Zych, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) ("no independent cause of action for injunction exists"); Motely v. Homecomings Fin., LLC, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (same). Plaintiff may receive injunctive relief if she is entitled to such a remedy pursuant to an independent cause of action, but injunctive relief may not stand alone.

Accordingly, the Court GRANTS Defendants' Motions to Dismiss as to Plaintiff's claims for declaratory and injunctive relief and DISMISSES WITH PREJUDICE those claims without leave to amend. If Plaintiff eventually prevails on an independent claim, the court will necessarily render a judgment setting forth as such and providing appropriate remedies. Similarly, if injunctive relief is proper, it will be because Plaintiff prevails, or has met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure, on an independent cause of action.

II.   <u>Third Cause of Action: Contractual Breach of Implied Covenant of Good Faith and Fair Dealing</u>

The Third Cause of Action of the Complaint alleges that Defendants "willfully breached their implied covenant of good faith and fair dealing," by withholding numerous disclosures; withholding notices with regards to excessive fees and finance charges and broker fees, underwriting standards, good faith estimates, and failure to disclose when negative credit scores were disseminated; and willfully placing Plaintiff in a loan that she did not qualify for and could not afford.  (Compl. ¶ 56.)

In Hawaii, commercial contracts are subject to a statutory duty to perform in good faith.  Haw. Rev. Stat. § 490:1-304.  Further, Hawaii law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement."  <u>Best Place, Inc. v. Penn Am. Ins. Co.</u>, 920 P.2d 334, 337–38 (Haw. 1996) (citations omitted).

Here, Plaintiff fails to allege any specific facts and solely provides legal conclusions regarding Defendants' purported violation of the implied covenant of good faith and fair dealing.  While Plaintiff provides a laundry list of disclosures and notices allegedly withheld by Defendants, she fails to state how

Defendants' actions constitute a breach of the implied covenant of good faith and fair dealing.  Moreover, Plaintiff fails to show that any of the allegedly withheld notices were required under statute or any other law.  Simply making such conclusory allegations is insufficient to properly plead this claim.  Thus, Plaintiff's legal conclusions are entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

III.    Fourth Cause of Action: Violation of TILA, 15 U.S.C. § 1601, et. seq.

The Fourth Cause of Action of the Complaint alleges that Defendants violated the Truth in Lending Act ("TILA") by failing to provide Plaintiff with all of the required disclosures.  (Compl. ¶¶ 59–76.)  Specifically, Plaintiff alleges that Countrywide failed to provide Plaintiff with an accurate Good Faith Estimate and Commitment, a Property/Hazard Insurance Disclosure, a disclosure of the legal obligations of the parties, and that the interest rate was inconsistent and not properly disclosed.  (Id. ¶¶ 63–66.)  Plaintiff asserts rescission (Id. ¶ 73) and civil liability (Id. ¶ 74) for the purported TILA violations.  Defendants contend that Plaintiff's TILA claim is barred by the statute of limitations and that Plaintiff is not entitled to equitable tolling.  (Mot 1 at 4–5, Mot. 2 at 14–20.)

A.      Rescission Under 15 U.S.C. § 1635

Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty.  15 U.S.C. § 1635(a); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security.  15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986).  Here, Plaintiff entered into the loan transaction on April 8, 2005, and initiated the instant lawsuit on October 6, 2010.  More than three years elapsed between the consummation of the loan and Plaintiff's invocation of her right to rescind.  Therefore, Plaintiff's claim is barred by the statute of limitations.

Plaintiff alleges that, any and all statute of limitations should be tolled due to Defendants' failure to effectively provide the required disclosures and notices.  (Compl. ¶ 68.)  Plaintiff's argument fails because equitable tolling does not apply to rescission under TILA.  Beach v. Ocwen Fed. Bank, 523 U.S. 410,

412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing Beach and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); King, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions). As such, Plaintiff's TILA rescission claim is barred by the statute of limitations.

B.     Damages Under 15 U.S.C. § 1640

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees. 15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA. Id. § 1640(e). The limitations period generally runs from the date of consummation of the transaction. King, 784 F.2d at 915. As stated above, Plaintiff entered into the loan transaction on April 8, 2005, and initiated the present lawsuit on October 6, 2010. As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiff's claim for damages under TILA is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." <u>Santa Maria v. Pac. Bell</u>, 202 F.3d 1170, 1178 (9th Cir. 2000); <u>see also</u> <u>O'Donnell v. Vencor, Inc.</u>, 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990))). In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." <u>King</u>, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply. <u>See</u> <u>Meyer v. Ameriquest Mortg. Co.</u>, 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the

violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

In this case, Plaintiff alleges that the statute of limitations are tolled due to Defendants' failure to effectively provide the required disclosures and notices. (Compl. ¶ 68.) As in Meyer and Hubbard, Plaintiff fails to allege any facts to demonstrate that equitable tolling applies. Plaintiff's assertion that Defendants "fail[ed] to effectively provide the required disclosures and notices," (id. ¶ 68) is conclusory and does not justify application of equitable tolling. Plaintiff offers no explanation as to why she was unable to discover the TILA violations within the one-year statutory period. Plaintiff's conclusory allegations without more are insufficient for her to invoke the doctrine of equitable tolling.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to all of Plaintiff's TILA claims. Plaintiff's TILA rescission claim is barred by the statute of limitations as a matter of law, and is thus DISMISSED WITH PREJUDICE.

IV.     Fifth Cause of Action: Real Estate Settlement Procedures Act Violations

        The Fifth Cause of Action of the Complaint alleges that Defendants

violated RESPA by not providing a HUD-1 at closing, or one day before if

requested, as required by 24 C.F.R. § 3500.8(b), and not providing the special

information booklet explaining the settlement costs within three business days after

consumer submitted loan applications per 24 C.F.R. § 3500.6.  (Compl.

¶¶ 80–81.)  Defendants assert that Plaintiff's claims are barred by the statute of

limitations and that equitable tolling does not apply.  (Mot. 1 at 5–7; Mot. 2 at 21-

22.)  Defendants Countrywide, BofA and MERS also assert that Plaintiff fails

because RESPA does not imply a private right of action.  (Mot. 2 at 21–22.)  The

Court will address these arguments in turn.

        First, RESPA imposes either a one-year or a three-year statute of

limitations depending on the violation alleged.  12 U.S.C. § 2614 (proscribing a

one-year statute of limitations for violations of Sections 2607 and 2608 and a

three-year statute of limitations for violations of Section 2605).  Because Plaintiff's

alleged RESPA claim arose out of the loan origination, which occurred more than

three years before Plaintiff filed the instant action, Plaintiff's claim is barred by the

statute of limitations.  As discussed above, Plaintiff is not entitled to equitable

tolling because she has failed to allege specific facts showing why she could not bring her suit within the limitations period.

Second, Defendants Countrywide, BofA and MERS asserts that Plaintiff's RESPA claim fails to state a claim because RESPA does not provide for a private right of action when defendant fails to provide a HUD-1 statement and special information booklet.  (Mot. 2 at 21–22.)  Accordingly, Plaintiff's RESPA claims would fail even if they were not barred by the statute of limitations because the alleged disclosure violations do not give rise to a private right of action.  See Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997) (noting that neither the legislative history nor the statutory text reveals congressional intent to create a private right of action for violations of Section 2604(c), failure to provide the initial good faith estimate); Pressman v. Meridian Mortg. Co., 334 F. Supp. 2d 1236, 1242 n.4 (D. Haw. 2004); Rosal v. First Fed. Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009) (holding that there is no private right of action for disclosure violations under either Section 2603 or Section 2604); Delino v. Platinum Cmty. Bank, 628 F. Supp. 2d 1226, 1232–33 (S.D. Cal. 2009) (citing Collins and dismissing the plaintiff's RESPA claim on the ground that no private right of action exists for failure to provide an initial good faith estimate).

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to the RESPA claims.

V.    Sixth Cause of Action: Rescission

The Sixth Cause of Action of the Complaint alleges that Plaintiff is entitled to rescind her loan under violations of TILA, RESPA, fraudulent concealment, Deceptive Acts and Practices (UDAP), and under public policy grounds.  However, rescission is a remedy and not an independent cause of action, thus there must be grounds on which to support an award of rescission.  See Bischoff v. Cook, 185 P. 3d 902, 911 (Haw. App. 2008).

For the reasons stated above in the Court's analysis of Plaintiff's TILA claim, Defendants' Motion to Dismiss Plaintiff's TILA rescission claim is denied.  However, Plaintiff's claim for rescission under RESPA fails because rescission is not a form of relief offered by the statute.  See 12 U.S.C. § 2601–2617.  Additionally, as stated above, Plaintiff's claim for RESPA fails, thus any derivative claim fails as well.  Plaintiff's third and fourth bases for rescission, fraudulent concealment and UDAP, fail for the reasons discussed below in Sections VI and VII, respectively.  Finally, Plaintiff's claim for rescission on "public policy grounds" is wholly unsupported, simply a legal conclusion, and entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for rescission of the loan.

VI.   Seventh Cause of Action: Fraud

The Seventh Cause of Action of the Complaint alleges that Defendants "intentionally, willfully, and wantonly engaged in the acts with the purpose of deceiving Plaintiff and inducing him [sic] to part with their personal and real property buy [sic] using a stated income loan." (Compl. ¶ 91.) Plaintiff contends that as a result of such alleged behavior, the loan is fraudulent. (Id. ¶ 94.) Additionally, throughout Plaintiff's Complaint, she makes various allegations suggesting fraudulent conduct on the part of Defendants. (See e.g. Compl. ¶¶ 44, 58, 76, 86, 100, 113, 114.)

The Court finds that Plaintiff's allegations are insufficient to meet her burden under the more rigorous pleading requirements of Rule 9 that apply to allegations of fraud or mistake. See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (internal citation and quotations omitted). A plaintiff "must state the time, place and specific content of the false representations as well as the identities of

the parties to the misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988).

Here, Plaintiff fails to plead the time and place of any alleged fraud and she also does not specify what role each defendant played in the alleged misconduct.  Instead, Plaintiff broadly attributes the allegedly false statements to all Defendants generally, without specifying when, where, and by who the false statements were made.    Furthermore, Plaintiff's statement that she is entitled to "exemplary and punitive damages for Defendants' fraudulent conduct," is a legal conclusions entitled to no weight.  (Compl. ¶ 96); <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to any claims made by Plaintiff regarding fraud.

VII.    <u>Eighth Cause of Action: Unfair and Deceptive Trade Practices Act ("UDAP") Violations</u>

The Eighth Cause of Action of the Complaint alleges that Defendants "violated the very policy of the Federal Unlawful and Deceptive Acts and Practices by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of his home, equity, as well as his past and future investment." (Compl. ¶ 100.)  As a preliminary matter, Plaintiff fails to cite any federal UDAP statute that has been violated by Defendants.  Defendants, nor the Court, are

required to speculate as to which provisions Plaintiff is suing under or how Defendants violated such provisions. Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555.

To the extent Plaintiff may be attempting to state a cause of action for UDAP based on state law, Hawaii Revised Statute section 480-2(a) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Haw. Rev. Stat. § 480-2(a). "Two distinct causes of action have emerged under [section] 480-2(a): (1) claims alleging unfair methods of competition; and (2) claims alleging unfair or deceptive acts or practices."[4] Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 148 P.3d 1179, 1207 (Haw. 2006); see also Star Markets, Ltd. v. Texaco, Inc., 945 F. Supp. 1344, 1346 (D. Haw. 1996).

---

[4] Although "[a]ny person" may bring an action for unfair methods of competition in violation of section 480-2, only consumers, the attorney general, or the director of the office of consumer protection may bring an action for unfair or deceptive acts or practices in violation of section 480-2. Haw. Rev. Stat. § 480-2(d), (e); see also Davis v. Four Seasons Hotel, Ltd., 228 P.3d 303, 307 (Haw. 2010). A "consumer" is a "natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment." Haw. Rev. Stat. § 480-1.

Defendants Countrywide, BofA, and MERS argue that Plaintiff's claims based on HRS Chapter 480 are subject to a four-year statute of limitations, and are thus barred. (Mot. 2 at 26–29.) Under HRS 480-24(a), "any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues . . . ." HRS § 480-24(a). Furthermore, the statute of limitations period starts to run upon the occurrence of Defendants' alleged violation. See McDevitt v. Guenther, 522 F. Supp. 2d 1272, 1289–90 (D. Haw. 2007).

In the instant case, the majority of Defendants' alleged UDAP violations occurred at the time the loan was consummated. See (Compl. ¶ 98.) Plaintiff's loan was consummated on April 8, 2005, and Plaintiff filed her Complaint on October 6, 2010. Thus, the four-year statute of limitations has passed for Plaintiff to bring any UDAP claims arising out of acts that occurred at loan consummation, and all such claims fail.

Moreover, Plaintiff's UDAP claim consists entirely of conclusory allegations, which are insufficient to survive a motion to dismiss. Plaintiff merely provides that "Defendants failed to undergo a diligent underwriting process . . . failed to properly adjust and disclose facts and circumstances relating to Plaintiff's mortgage loan and placed Plaintiff in a loan . . . which they [sic] should never have

been approved for." (Compl. ¶ 98.)  Plaintiff further alleges that "Defendants, in bad faith, commenced foreclosure proceedings while still creating the illusion to Plaintiff that they were reviewing the final financial package in a mutual attempt to enter into a modification or other manner of curing ay [sic] alleged default." (Id. ¶ 99.)  Plaintiff fails to specify what "facts or circumstances" she is referring to or how commencing foreclosure proceedings was done in bad faith.  In sum, Plaintiff utterly fails to elaborate on the basis of these claims or provide any level of factual detail as to Plaintiff's UDAP claim.

Because Plaintiff's Complaint fails to provide any facts as to Defendants' purported unfair or deceptive acts or practices and unfair methods of competition, it fails to state a claim for a UDAP violation.  See Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' UDAP claim.

VIII.  Ninth Cause of Action: Breach of Fiduciary Duty

The Ninth Cause of Action of the Complaint states that "Defendant owed a fiduciary duty to Plaintiff and breached that duty by [f]ailing to advise or notify Plaintiff . . . that Plaintiff will or has a likelihood of defaulting on the loan . . . ." (Compl. ¶ 103.)  Defendants argue that they owed Plaintiff no fiduciary

duty, and as such, the instant Count should be dismissed.  (Mot. 2 at 29–30.)

Defendants are correct in asserting that there traditionally exists no fiduciary duty

between borrowers and lenders.  Unless a special relationship exists between a

borrower and lender that elevates the lender's responsibility, the standard "arms-

length business relationship" applies.  Giles v. General Motors Acceptance Corp.,

494 F.3d 865, 883 (9th Cir. 2007); see also Pension Trust Fund for Operation

Engineers v. Federal Ins. Co., 307 F.3d 944, 954 (9th Cir. 2002).

In the instant Complaint, Plaintiff makes no allegations suggestion

that her relationship to Defendants is anything other than an ordinary, arms-length,

lender-borrower relationship.  Simply stating that "[d]efendants owed a fiduciary

duty to Plaintiff and breached that duty" is insufficient to establish the existence of

a fiduciary duty.  Thus, Plaintiff's allegations in Count VIII are wholly conclusory

and unsupported.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as

to Plaintiff's claim for breach of fiduciary duty.

IX.    Tenth Cause of Action: Unconscionability

In the Tenth Cause of Action of the Complaint, Plaintiff brings a

claim for unconscionability alleging that, "based on the deception, unfair

bargaining position, lack of adherence to the [law] . . . the court may find that the

loan agreement and trust deed are unconscionable. . . ."  (Compl. ¶ 110.)

According to the Hawaii Supreme Court, unconscionability is a cause of action

asserted to prevent the enforcement of a contract where, "the <u>clauses</u> are so one-

sided as to be unconscionable under the circumstances existing at the time of the

making of the contract . . . ." (emphasis added) <u>Lewis v. Lewis</u>, 748 P.2d 1362,

1366 (Haw. 1988) (citations omitted).

 Here, Plaintiff's allegations fail to address any contract terms between

Plaintiff and Defendants, and instead, addresses Defendants' alleged conduct

generally.  These allegations do not speak to any unconscionable terms in the

contract, nor are they limited to behavior that affected the circumstances under

which the contract was made.  For this reason, Plaintiff's contentions in the Tenth

Cause of Action fail to state a claim for unconscionability.

 Accordingly, the Court GRANTS Defendants' Motion to Dismiss as

to Plaintiff's claims for unconscionability.

X.  <u>Eleventh Cause of Action: Predatory Lending</u>

 The Eleventh Cause of Action of the Complaint contends that

Defendants engaged in predatory lending practices by: marketing the loan on the

basis of fraud or exaggeration, underwriting the loan without due diligence, not

plainly and prominently disclosing in good faith the estimate of fees and costs paid

28

to a mortgage loan officer, containing loan terms the borrower could never realistically repay, and charging excessive fees to create a windfall to Defendants. (Compl. ¶¶ 114–118.)

Despite Plaintiff's laundry list of allegations, the Court is entirely unclear as to what cause of action Plaintiff is bringing this claim under. Plaintiff fails to cite any relevant statute or law under which Defendants' alleged behavior is prohibited. Aside from citing to the Office of Comptroller of Currency's definition of predatory lending, Plaintiff fails to identify any Hawaii or federal law creating a cause of action for predatory lending. (Compl. ¶ 112.) Defendants, nor the Court, are required to speculate as to what law Plaintiff is suing under or how Defendants violated such law. Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555. As such, Plaintiff's claim for predatory lending fails.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for predatory lending.

XI.    Twelfth Count: Quiet Title

In the Twelfth Count of the Complaint, Plaintiff seeks to quiet title in the Subject Property via a declaration from the Court that "the title to the Subject Property is vested in Plaintiff's [sic] alone and that the Defendants herein, and each

of them, be declared to have no estate, right, title or interest in the Subject Property . . . ."  (Compl. ¶ 122.)  Under Hawaii Law, an action to quiet title "may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, and estate or interest in real property, for the purpose of determining the adverse claim.  Haw. Rev. Stat. § 669-1(a).

Plaintiff states that "Defendants, and each of them, claim an interest in the Subject Property," and that "said Defendants have no legal or equitable right, claim, or interest in the Property."  (Compl. ¶ 121.)  However, this is merely a formulaic recitation of an element of the claim.  Plaintiff fails to plead any facts suggesting what interests are being claimed by Defendants and the nature of those interests.  Throughout the Complaint, Plaintiff makes blanket statements about Defendants without recognizing that Defendants constitute multiple entities.  As such, the Court is unable to determine what rights and interests in the Subject Property each defendant is claiming, thus Plaintiff's claim for quiet title fails.[5]

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim to quiet title.

---

[5] Defendants argue, amongst other things, that Plaintiff "has not alleged that she is able to tender the entire amount of her indebtedness."  (Mot. at 36.)  The Court need not reach this argument because of its determination that Plaintiff has failed to state a claim to quiet title.

XII.    <u>Leave to Amend</u>

The Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend her Complaint.  Accordingly, the Complaint is DISMISSED as against all Defendants in this action with leave to amend the Complaint no later than 30 days from the filing of this Order, with the exception Plaintiff's claims for declaratory relief, injunction, and TILA rescission, which have been DISMISSED WITH PREJUDICE as a matter of law.  Failure to file an amended complaint and to cure the pleading deficiencies will result in dismissal of this action with prejudice.

Plaintiff is advised that the amended complaint must clearly state how each of the named defendants have injured her, and it must also clearly identify the statutory provisions under which Plaintiff's claims are brought.  If Plaintiff chooses to file an amended complaint, she <u>must</u> (1) follow the directions in this Order; and (2) be ready, willing, and able to pursue her claims, which includes attending hearings and conferences in person unless there is a legitimate excuse.  A legitimate excuse involves more than being too busy with other matters.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS Defendant Fremont's Motion to Dismiss (Doc. # 18), GRANTS Defendants Countrywide,

BofA, and MERS's Motion to Dismiss (Doc. # 21), DISMISSES WITH

PREJUDICE Plaintiff's declaratory relief, injunctive relief, and TILA rescission

claims, DISMISSES WITHOUT PREJUDICE all other claims, and GRANTS

Plaintiff leave to amend her Complaint.


IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 19, 2011.



_____
David Alan Ezra
United States District Judge


Badua v Fremont Investment & Loan et al., Cv. No. 10-00580 DAE-BMK;
ORDER: (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS
COMPLAINT; (2) DISMISSING WITH PREJUDICE PLAINTIFF'S
DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND TILA RESCISSION
CLAIMS; (3) DISMISSING WITHOUT PREJUDICE ALL OTHER CLAIMS;
AND (4) GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT